UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ALBERTO CAMPOS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 2:09-CR-02 |
| | ) | 2:13-CV-95 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner, Alberto Campos ("Campos" or "petitioner"), has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, [Doc. 498]. The motion was referred to the Magistrate Judge for a report and recommendation ("R&R) and is currently pending before the Court on the objections of petitioner to the Magistrate Judge's R&R, [Doc. 546]. After *de novo* consideration of the record, and after careful consideration of the R&R of the United States Magistrate Judge, petitioner's objections will be OVERRULED, the Magistrate Judge's R&R, [Doc. 545], is ADOPTED and APPROVED and the petitioner's motion pursuant to 28 U.S.C. § 2255 will be DENIED.

As set forth in the Magistrate Judge's R&R, petitioner's motion raises four claims of ineffective assistance of counsel:

> 1. for failing to argue that his 1994 drug conviction in California did not qualify as a predicate offense to be used as an enhancement under U.S.S.G. § 4B1.2(b);
>
> 2. for telling him that he would only get a 10-year sentence if he pled guilty;
>
> 3. for failing to obtain records from mental institutions which would have shown that he had been adjudicated legally insane; and

1

> 4. for failing to argue against application of a three-level enhancement for being in a managerial role in the conspiracy.

[Doc. 545 at 2]. Petitioner raised a fifth claim in his motion to supplement his § 2255 motion, [Doc. 534], *i.e.* "is petitioner's 1994 California conviction invalid due to his then-attorney's failure to advise him he could be deported as a result of that conviction?" Petitioner has withdrawn the second claim, [see Doc. 505 at 1], and he has waived any appeal of the Magistrate Judge's recommendation as to the fourth and fifth claims because he has not made any objection to them, [see Doc. 545 at 14 fn. 40; 28 U.S.C. § 636(b)(1)]. This memorandum will address petitioner's objections to the Magistrate Judge's recommendations as to claims 1 and 3.

The Court must make a *de novo* determination of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommendations made by the Magistrate Judge. *Id*.

Petitioner and 17 other defendants were indicted for various drug and firearms offenses in a second superseding indictment returned by the federal grand jury on October 14, 2009, [Doc. 168]. Petitioner subsequently entered into a plea agreement with the United States, [Doc. 179], pursuant to which he pled guilty, on December 15, 2009, to charges of conspiring to distribute or possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and possessing a firearm as a convicted felon in violation of 18 U.S..C. § 922(g)(1). Under the Sentencing Guidelines, the stipulated drug quantity yielded a base offense level of 30 which was increased by two pursuant to USSG § 2D1.1(b)(1) because the defendant possessed a firearm and by three levels pursuant to USSG § 3B1.1 because of petitioner's managerial role in the offense. After a reduction for acceptance of responsibility, the adjusted offense level became 32; however, because petitioner had two prior felony convictions

for threatening a witness or a victim and possession of cocaine base for resale, he was deemed a career offender within the meaning of USSG § 4B1.1 of the Guidelines, resulting in an offense level of 37 which was then reduced by three for acceptance of responsibility resulting in a total offense level of 34. Because of his career offender status, petitioner's criminal history category was VI, resulting in an advisory guidelines range of 262 months to 327 months of imprisonment. Petitioner was ultimately sentenced to 262 months of imprisonment, the bottom of the advisory guidelines range, for the drug offense and to the statutory maximum of 120 months for the firearms offense, to run concurrently. [Doc. 465]. Petitioner appealed, and the Sixth Circuit Court of Appeals dismissed the appeal based upon the appeal waiver provision of the plea agreement. [Doc. 488]. Petitioner then timely filed the instant § 2255 motion.

Because the defendant was at least 18 years of age at the time he committed the instant offense and the instant offense is a felony controlled substance offense, he is a career offender under USSG § 4B1.1 if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1. As noted above, the Court found that the defendant's conviction for threatening a witness/victim on April 1, 1994 in case number 93F01615 in the Sacramento County Superior Court in Sacramento, California, was a predicate offense for career offender, i.e. a felony crime of violence, and defendant does not contend otherwise. He does argue, however, that his conviction, on the same date, for possession of cocaine base for resale in case number 93F08332 based upon his plea of *nolo contendere* is not a predicate offense and that counsel was ineffective for failing to argue otherwise. The petitioner argues that his prior conviction does not constitute a "controlled substance offense" within the meaning of USSG § 4B1.2(b) where the term is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a

3

controlled substance (or a counterfeit controlled substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

Petitioner argues that the California statute under which he was convicted criminalizes the possession of crack cocaine *for resale*, while USSG § 4B1.2(b) refers only to "manufacture, import, export, distribute, or dispense." This Court agrees fully with the Magistrate Judge that possessing a drug for resale under the California statute is functionally identical to possessing a drug with intent to distribute under USSG § 4B1.2(b) and the government is correct that a sale of drugs necessarily involves the distribution of those drugs. As the Magistrate Judge found, petitioner's "argument is spurious." Petitioner's objection with respect to his first claim is without merit and is overruled.

As for petitioner's objection to the Magistrate Judge's recommendation as to the third claim raised by him in his petition, it appears to the Court that petitioner simply restates the very same arguments already made on this claim and continues to fault his attorney for failing to obtain records which would have shown he "was legally insane when he pled guilty." Although the petitioner has provided the Court with certain documents related to his mental illness, he has provided nothing which suggests in any way that he was legally insane when he pled guilty. As the government points out, mental illness does not necessarily equate with legal insanity and, even assuming that petitioner does in fact suffer a diagnosis of schizophrenia, paranoid type, DSM IV 295.30, he has otherwise offered nothing to indicate that his attorney could in fact have obtained any records which would have shown that he had previously been adjudicated insane at the time of his guilty plea. His objection in this respect is, like the first, "spurious."

In reality, what petitioner appears to argue is that his attorney did not do sufficient investigation concerning potential mental illness and, if the Court had been aware of his mental

4

illness, he would have been granted a downward variance or downward departure. The Court agrees with the Magistrate Judge that "[t]here is a huge amount of evidence in this court record, the bulk of it from Petitioner himself, that contradicts Petitioner's belated assertion that he was insane," or that he suffered from any kind of significant mental or psychological problems. The Court will not restate the various opportunities that petitioner was given to call prior mental illness to the Court's attention, but simply concludes that petitioner was given numerous opportunities to make these matters known to the Court or the probation officer but did not do so. Petitioner made the Court aware of his claim of mental illness for the first time on August 6, 2014, when he wrote a letter to the undersigned district judge. Even if petitioner can show, and the Court assumes he can, that he suffered from a diagnosis of schizophrenia at the time of the commission of the instant offenses, he falls far short of showing that he was entitled to a downward departure under USSG § 5K2.1(3) for diminished capacity or that he did not understand the wrongfulness of his behavior or was unable to control behavior he otherwise knew was wrongful.

USSG § 5H1.3 provides that mental or emotional condition may warrant a downward departure if the condition is "present to an unusual degree and distinguishes the case from the typical case covered by the Guidelines." This Court agrees fully with the Magistrate Judge that even if everything petitioner alleges is true, his condition was not present to an unusual degree which could be substantially distinguished from the typical case covered by the Guidelines. Throughout the proceedings in this case, petitioner's responses to the Court were lucid and well-organized, he showed no signs of confusion, and he appeared to be perfectly competent and "in full possession of his faculties."

Likewise, petitioner has not shown that, even if counsel's performance was somehow deficient, the result of his sentencing would have been different. Even if the Court had had the medical record from the psychiatric consultation at Takoma Adventist Hospital, it would have concluded that the mental impairments suffered by the petitioner were relatively minor. Despite reporting that he was hearing voices and suffering from "some depression," "paranoia" and a past history of psychiatric treatment, the 2005 report reflected, as noted by the Magistrate Judge, that petitioner's affect was "normal;" his thought process "logical;" his associations "intact;" his thought content "relevant;" his level of consciousness "alert;" his language "intact;" his fund of knowledge "fair;" and contained no mention of delusions, hallucinations, suicidal ideation, and feelings of hopelessness and helplessness.

For the reasons set forth herein, petitioner's objections to the report and recommendation of the United States Magistrate Judge are OVERRULED, the R&R is ADOPTED and APPROVED, and petitioner's motion pursuant to 28 U.S.C. § 2255 is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

6

or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE