UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ALBERTO CAMPOS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 2:09-CR-2-JRG-MCLC-1 |
| | ) | 2:16-CV-207-JRG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is the government's motion to deny and dismiss Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 613]. Petitioner filed the petition on June 23, 2016 [Docs. 575, 580, 614].[1] In it, he challenges his enhancement under Section 4B1.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the Guidelines residual provision is equally vague)].[2]

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of determining whether Petitioner was entitled to collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Consistent with that appointment, FDSET filed the instant petition [Doc. 575]. Petitioner filed two pro se supplements [Docs. 580, 614].

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause");

I.  **BACKGROUND**

In 2011, Petitioner was convicted of conspiring to distribute and possession with intent to distribute 500 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 179, 195, 465]. Based on the quantity of drugs stipulated in his plea agreement, Petitioner faced a statutory mandatory minimum sentence of ten years' incarceration for the drug offense. Further, because Petitioner had two prior California convictions—possession of cocaine for resale and threatening a witness or victim, the United States Probation Office deemed him a career offender with an advisory Guideline range of 262 to 327 months' incarceration [Presentence Investigation Report (PSR) ¶¶ 98, 100, 125]. Consistent with the above, this Court sentenced Petitioner to a 262-month term for the drug offense and a concurrent 120-month term for the gun offense, yielding an effective aggregate sentence of 262 months' incarceration [Doc. 465]. Petitioner filed a direct appeal of his conviction and sentence, but the Sixth Circuit dismissed that appeal because of the knowing and voluntary waiver contained in his plea agreement [Doc. 488].

---

or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* USSG § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Less than one year later—on April 8, 2013, Petitioner filed a motion to vacate, set aside, or correct his sentence under § 2255 [Doc. 498]. This Court denied that petition on the merits in a Memorandum Opinion and Judgment Order entered on February 24, 2016 [Docs. 548, 549]. The Supreme Court decided *Johnson* on June 26, 2015. On June 23, 2016, Petitioner filed the instant motion challenging his career offender designation based on that decision [Doc. 575]. Petitioner filed a pro se supplement in support of the *Johnson*-based claim on July 20, 2016 [Doc. 580].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Shortly thereafter—on March 28, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge in light of *Beckles* [Doc. 613]. In response, Petitioner submitted: (1) a motion for "clarification" explaining that he was also challenging his enhancement under "§ 851;" and (2) a reply arguing that he was still entitled to relief because his prior conviction for threatening a witness or victim did not involve violent force [Docs. 614, 615].

## II. PETITION FOR POST-CONVICTION RELIEF

As supplemented, the petition contains two discernable grounds for relief. In the first, Petitioner argues that *Johnson* invalidated the identically worded residual provision in Section 4B1.2, that his prior California convictions for possessing cocaine for resale and threatening a witness or victim only qualified as crimes of violence under that provision, and that he lacks sufficient predicates for career offender enhancement [Docs. 575, 580, 615]. In the second, he claims that his sentence was improperly enhanced under § 851 [Doc. 614 ("I was enhanced under [§] 851, and the violence predicate [was] intimidating a witness.")]. Both theories fail.

3

## A. Challenge to Career Offender Designation Based on *Johnson*

To the extent that Petitioner argues that *Johnson* invalidated the Guidelines residual clause and that his prior California convictions for possessing cocaine for resale and threatening a witness or victim cannot be categorized as crimes of violence without that provision, that argument fails because the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* did not have an impact on Petitioner's status as a career offender, it cannot serve as a basis for granting relief. Petitioner's request for relief because "the element of force was not present in his predicate of intimidating a witness" fails because viability of the residual clause makes satisfaction of the use-of-physical-force clause unnecessary. Both of Petitioner's prior California convictions remain predicate offenses under Section 4B1.2.

## B. Improper Enhancement Under § 851

To the extent that Petitioner challenges his sentence based on improper or insufficient notice of enhancement under 21 U.S.C. § 851, that claim fails because no such notice was required. Designation as a career offender is distinct from, and in no way requires, pre-enhancement notice under 21 U.S.C. 851(a)(1). Stated another way, a defendant may be subject to an enhanced statutory penalty based on a § 851(a)(1) notice even if he is not a career offender; conversely, a defendant may be a career offender under the guidelines even if no § 851(a)(1) enhancement is ever filed. To the extent that a discrepancy actually exists, it does not justify collateral relief.

## III. CONCLUSION

For the foregoing reasons, the United States's motion to deny and dismiss [Doc. 613] will be **GRANTED** and Petitioner's supplemented petition [Docs. 575, 580, 614] will be **DENIED**

4

and **DISMISSED WITH PREJUDICE**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE